[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10432
_____

D.C. Docket No. 2:15-cr-00112-CDL-SRW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY ALAN NURSEY,

Defendant - Appellant.

_____

No. 16-10466
_____

D.C. Docket No. 2:13-cr-00027-CDL-WC-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY ALAN NURSEY,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Middle District of Alabama
_____

(August 24, 2017)

Before WILSON and NEWSOM, Circuit Judges, and MORENO,[*] District Judge.

PER CURIAM:

In these consolidated appeals, Jeffrey Alan Nursey appeals his conviction for retaliating against a witness who provided to law enforcement truthful information relating to the commission of a federal crime, in violation of 18 U.S.C. §1513(e). He also appeals the district court's revocation of his probation for a prior conviction due to the commission of the instant retaliation offense.[1]

Nursey makes three arguments on appeal regarding his retaliation conviction.  First, Nursey argues that the statute under which he was convicted, 18

_____

[*] Honorable Federico A. Moreno, United States District Judge for the Southern District of Florida, sitting by designation.

[1] We granted Nursey's motion to consolidate his two appeals.  In case number 16-10432, Nursey appeals his §1513(e) conviction. And in case number 16-10466, Nursey appeals his probation revocation.

2

U.S.C. § 1513(e), is unconstitutionally void for vagueness because the statute fails to notify citizens and law enforcement of what constitutes conduct that "interfere[s] with" the witness's employment or livelihood or otherwise "harm[s]" the witness.  Second, he argues that the evidence was insufficient to prove either that the witness here, Michael Passinaeu, suffered any harm to his employment, personal life, or otherwise, or that the information Passinaeu provided to law enforcement was truthful.  Third, Nursey argues that the district court erred in charging the jury only with the pattern beyond-a-reasonable-doubt instruction without also providing his requested instruction—telling jurors that they cannot convict on mere "speculation" of guilt.[2]

But after a careful consideration of both the record and the parties' briefs, and having had the benefit of oral argument, we find no reversible error as to any of these issues.  Therefore, we affirm.

**AFFIRMED.**

---

[2] Finally, provided we do not reverse Nursey's retaliation conviction, Nursey's attorney argues that the probation revocation appeal appears to be meritless, citing *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).